Filed 8/10/22  P. v. Pardew CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080106 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD220336) |
| JERRY PARDEW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

## I.

## INTRODUCTION

Jerry Pardew appeals from a judgment following a bench trial recommitting him as a mentally disordered offender (MDO) pursuant to Penal Code sections 2970 and 2972.[1]  His counsel on appeal has filed an opening brief asking this court to conduct an independent review of the

---

[1]     Undesignated statutory references are to the Penal Code.

record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We granted Pardew the opportunity to file a supplemental brief on his own behalf, and he has done so. We have reviewed the briefing submitted by counsel and by Pardew and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2009, Pardew pled guilty to one count of resisting an executive officer and two counts of threatening a state official or judge. He also admitted one prison prior and two strike priors. The court sentenced him to 32 months in prison. On December 2, 2011, Pardew was admitted to Atascadero State Hospital as an MDO pursuant to section 2962. Since then, Pardew's commitment has been extended seven times. He submitted to the first commitment extension without a trial. The second, third, fourth, and fifth extensions were by jury trial. Pardew waived his right to a jury trial for the sixth and seventh extension proceedings.[2]

Pardew's most recent commitment was set to expire on December 2, 2021. The People again petitioned for continued involuntary treatment of Pardew as an MDO. On March 1, 2022, Pardew personally moved to dismiss the petition on the ground that his right to a speedy trial had been violated. After the trial court denied this motion, Pardew personally moved to waive his right to a jury trial. The court heard from Pardew and his counsel, advised Pardew of his right to a jury trial, and then recessed to allow Pardew

---

[2] Pardew appealed the propriety of his jury waiver for his seventh commitment extension proceeding. (*People v. Pardew* (Jan. 25, 2022, D079093) [nonpub. opn.] (*Pardew I*, the prior opinion).) On our own motion, we take judicial notice of our prior opinion and derive the facts, in part, from our prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

2

to speak with his counsel. After the recess, defense counsel stated that Pardew still desired a bench trial. The court confirmed that defense counsel had advised Pardew of his absolute right to a jury trial and that three witnesses would be appearing by video. When questioned by the court, Pardew affirmatively stated that he wished to waive his right to a jury trial and agreed that three witnesses could appear by video. The court found that Pardew had knowingly, intelligently, voluntarily waived his right to a jury trial.

Pardew's bench trial commenced on the same day and was completed the following day. Pardew's Department of State Hospitals (DSH) treating psychiatrist, Dr. Calvin Kilcrease and DSH staff psychologist, Dr. Robin Campbell, testified that Pardew suffered from schizophrenia. Dr. Kilcrease stated that Pardew's antipsychotic medications kept him stable but opined that Pardew could not be kept in remission if released and that he would be a danger to the public because he had not acknowledged his illness, participated in treatment, or taken steps to recognize the symptoms and risks that his illness presented. Dr. Campbell similarly testified that even if Pardew were in remission, he could not remain in remission without treatment because of his consistent failure to participate in treatment. Dr. Campbell opined that Pardew remained a danger because of his lack of insight into the severity of his mental disorder and his history of violence. In addition, neither Dr. Kilcrease nor Dr. Campbell believed that Pardew would continue to take his medication in an unsupervised setting.

DSH clinical social worker, Hope McNutt, testified that Pardew had no behavioral issues while at the hospital and that he was medication compliant. However, he did not meaningfully participate in treatment. Staff

3

psychologist, Dr. Emi Komaki, confirmed that Pardew lacked insight into his illness and did not participate in treatment groups.

The trial court appointed two psychologists, Drs. David Bloch and Nicole Friedman, to evaluate Pardew and determine whether he met the MDO criteria. Both reviewed Pardew's extensive DSH records and attempted to interview him but Pardew declined to be interviewed. Based on their respective reviews of Pardew's records, both opined that Pardew suffered from schizophrenia, was not in remission, and could not be kept in remission because he lacked insight into his mental illness and did not participate in treatment. Dr. Bloch also stated that Pardew would pose a substantial danger to others if released because he would likely not take his medications and would relapse into substance abuse and revert to his previous "assaultive and aggressive" behaviors.

Pardew testified on this own behalf. He did not believe that he had schizophrenia and claimed that his worst mental health symptom was paranoia.

After hearing closing arguments, the trial court found true the elements required to extend Pardew's commitment until December 2, 2022, i.e., that the People had proved beyond a reasonable doubt that: (1) Pardew has a severe mental disorder; (2) his disorder is not in remission or cannot be kept in remission without treatment; and (3) by reason of that disorder, Pardew represents a substantial danger of physical harm to others. (§ 2970; *People v. Burroughs* (2005) 131 Cal.App.4th 1401, 1404.) Pardew timely appealed.

III.

DISCUSSION

Pardew's appointed appellate counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting that this court conduct an independent review of the record. Counsel raised no specific issues on appeal and instead, identified a possible, but not arguable, issue pursuant to *Anders*: whether sufficient evidence supported Pardew's recommitment. Counsel acknowledges authority holding that MDO commitment cases such as this are exempt from *Anders/Wende* procedures. (*People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*).) In *Taylor*, the court stated that "appeals from civil commitments under the Mentally Disordered Offender Act are . . . exempt from the *Anders/Wende* review requirements." (*Id.* at pp. 307–308.)

This court generally follows *Taylor*, *supra*, 160 Cal.App.4th 304, and dismisses such appeals. However, in this case, unlike in *Taylor*, Pardew filed a supplemental brief. Accordingly, in the absence of Supreme Court authority to the contrary, we will adhere to the *Wende* procedure in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 ["if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)"]

In his 13-page letter brief, Pardew recounts events that occurred in his original trial and prior recommitment proceedings. As to the recommitment

5

proceeding at issue in this appeal, Pardew argues that the trial court erred in denying his motion to dismiss on speedy trial grounds. We disagree.

The trial on an MDO extension petition "shall" begin at least 30 calendar days before "the time the person would otherwise have been released, unless the time is waived by the person or unless good cause is shown." (§ 2972, subd. (a)(2).) Pardew's commitment was scheduled to end on December 2, 2021, and trial commended on March 1, 2022. At the outset of the trial, Pardew stated that he had not waived time and argued that the petition should be dismissed because "December 2nd was the last day to try this case. December 2nd was in -- it's been 87 days forward, and we're still not -- you know, we're just now getting to trial."

The trial court referred to the record before ruling on the motion. A minute order dated December 10, 2021, noted that Pardew was in medical isolation awaiting a physician's evaluation. The minute order for a January 14, 2022, hearing stated that the court found that Pardew's quarantine in the State Hospital constituted good cause for a continuance. The court set trial on the recommitment petition for February 28, 2022. A minute order dated February 25, 2022, did not address the issue of good cause but confirmed the February 28 trial date. The minute order for the February 28 hearing trailed the matter to the following day, March 1. Based on this record, the court denied Pardew's motion to dismiss. The court found that "there was previously good cause found. To the extent it wasn't found based upon the minute orders that the defendant was quarantined in medical isolation, this court would find that there was good cause to continue this matter to today's date."

The 30-day time limit of section 2972, subdivision (a) is directory, not mandatory or jurisdictional. (*People v. Tatum* (2008) 161 Cal.App.4th 41, 56–

6

57, disapproved in part on another ground in *People v. Lara* (2010) 48 Cal.4th 216, 236, fn. 26; *People v. Williams* (1999) 77 Cal.App.4th 436, 451, 456.) We review the trial court's finding of good cause for abuse of discretion. (*People v. Fernandez* (1999) 70 Cal.App.4th 117, 133.)

We conclude that the trial court did not abuse its discretion in finding good cause for the People's failure to meet the 30-day deadline to commence the recommitment trial. Other than the unexplained one day delay when the trial date was moved from February 28 to March 1, all other delays in bringing this matter to trial were caused by Pardew's medical isolation or hospitalization. Pardew does not contest that his medical isolation and quarantine constituted good cause for delaying his trial. Nor does Pardew explain how the trial continuances prejudiced him. Accordingly, we reject his argument that the trial court erred when it denied his motion to dismiss.

DISPOSITION

The judgment is affirmed.


AARON, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

7